UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LONNIE PAYNO, JR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 21-CV-1351-MMM |
| | ) |
| JUDGE JOHN P. VESPA and | ) |
| ASSISTANT STATE'S ATTORNEY | ) |
| JASON RAMOS, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* and detained at the Peoria County Jail ("Jail"), asserts an action under 42 U.S.C. § 1983 against Peoria County Judge John Vespa and Assistant State's Attorney Jason Ramos, who are involved the Plaintiff's pending Peoria County criminal case, 21-CF-104.  According to the docket in 21-CF-104, a jury trial is scheduled for May 16, 2022.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff takes issue with the handling of his ongoing criminal case.  He alleges that the name of the defendant originally named in the indictment (Lonnie Payne) was improperly

changed to Plaintiff's name, Lonnie Payno.  He further alleges that Judge Vespa has improperly denied Plaintiff release on bond and has refused to reduce Plaintiff's bond or grant a medical furlough to Plaintiff.  Plaintiff allegedly needs to be released on bond and placed on house arrest because the sleep apnea machine he uses at the Jail has been recalled.  Plaintiff fears that continuing to use the recalled machine will cause cancer or otherwise permanently damage his health.  Plaintiff seeks money damages against Judge Vespa and Assistant State's Attorney Ramos.

The Court cannot discern any federal claim from Plaintiff's allegations.  Even if a federal claim could be stated, Judge Vespa and Assistant State's Attorney are immune from this lawsuit. *See Jackson v. Marion Police Dept.*, No. 20-456, 2021 WL 1578385, at *2 (N.D. Ind. Apr. 22, 2021) ("both the prosecutor and the judge have absolute immunity for any actions done in the course of a judicial proceeding."), citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Imbler v. Pachtmen*, 424 U.S. 409, 430 (1976).  Further, a federal court cannot interfere in state criminal proceedings even if federal rights may be at issue. Younger v. Harris, 401 U.S. 37, 43 (1971)("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts.").  In other words, challenges to what is happening in Plaintiff's criminal case belong in Plaintiff's criminal case.  To the extent Plaintiff challenges the sleep apnea machine available at the Jail, Plaintiff is already pursuing that challenge in case 21-cv-1278.

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's complaint is dismissed for failure to state a claim and because Defendants are immune from the monetary relief Plaintiff seeks.  Any amendment to the complaint would be futile.  This case is closed.

2) The clerk is directed to record this dismissal as a strike in the district's internal log.

3) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

| | |
|---|---|
| 3/17/2022 | s/Michael Mihm |
| ENTERED | MICHAEL MIHM |
| | UNITED STATES DISTRICT JUDGE |